[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4667
The petitioner brings this petition for a writ of habeas corpus alleging that he received unfair disciplinary hearings on several disciplinary reports, five in number, for which he received excessive sanctions. He testified that on April 13, 1994 and again on April 20, 1994 he received disciplinary reports for a clothesline which was hung in his cell for which his cell mate, John Early, admitted was his conduct for which the petitioner received a sanction of 30 days loss of commissary. On June 23, 1995 he received a disciplinary report for failure to lock-up timely at 10 PM for which he received a 10 day loss of recreation. On November 20, 1995 when he reported for a hearing on intoxication he was taken to the processing room where he was asked to strip. As he was doing so he bumped into a weighing scale at which time he was maced and seized by the correctional staff and charged with attempted assault on a correctional staff member. As a result of a hearing before Lt. Emanuel on November 30, 1995 he was found, guilty and sanctioned 15 days punitive segregation, 15 days confinement to cell, 30 days loss of commissary and 78 days of loss of good time. The intoxication report was subsequently dismissed. Upon his request for appeal he had a rehearing before Lt. Negron on July 17, 1996 and found guilty and the initial sanctions were reimposed.
Captain Cleaver testified that when the petitioner arrived for his hearing before Lt. Emanuel on the intoxication charge he entered the processing room of the Restricted Housing Unit where he was requested to strip for search. The petitioner became agitated and backed into a corner and picked up a weighing scale which Captain Cleaver believed to be for the purpose of assault on staff. He used mace to subdue the petitioner. Both Correctional Officers Glover and Cormier made out the incident report to which he did the overview. Both Captain Cleaver and Lt. Emanuel testified that the petitioner's hearing was the first scheduled for the morning about 9 AM and that the petitioner did not arrive until after 11 AM. Lt. Emanuel testified that he had placed over the phone, calls for the petitioner at 9 AM and then again shortly after 10 AM. The inmates had all been heard by the time of the arrival of the petitioner.
Both Lts. Emanuel and Negron testified that the petitioner appeared with an advocate at their respective hearings and had produced nor called any witnesses. They had the incident reports CT Page 4668 of Officers Cormier and Glover signed off by Captain Cleaver, see respondent's Exhibit C, and both concluded that an attempted assault on a staff member had occurred and that it warranted the sanctions imposed. Lt. Negron likewise felt that the fact that had the charge of intoxication not been made which was dismissed, it would have been unnecessary for the petitioner to be in the circumstances of the processing room, nothing would have occurred, was nothing but a technicality.
Due process does not require providing attorneys or advocates for hearings in a prison setting even where liberty interests may exist nor does it require the court to set aside the decisions of prison administrators that have some basis in fact. Superintendent v.Hill, 472 U.S. 445, 456. The petitioner therefore having failed to satisfy his burden of proof as to failure of due process, the court must deny this petition.
For the above reasons the petition is denied.
Corrigan, JTR